AO245D (Rev. 01/07) Judgment in a Criminal Case for Revocations
Sheet 1

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| | (For Revocation of Probation or Supervised Release) |
| V. | |
| | Case Number:   8:01-cr-268-T-17MAP |
| JEREMY WAYNE LEDFORD | USM Number:   39885-018 |
| | |
| | AFPD Andrea Stubbs |
| | Defendant's Attorney |

**THE DEFENDANT:**

__X__ admitted guilt to violation of charge number(s) ____1____ of the term of supervision.

| Violation Charge Number | Nature of Violation | Violation Ended |
|---|---|---|
| 1 | Failure to successfully complete a Residential Drug Treatment program | July 5, 2007 |

The defendant is sentenced as provided in pages 2 through __6__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

August 13, 2007
Date of Imposition of Judgment

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

August 13th 2007
Date

DEFENDANT: JEREMY WAYNE LEDFORD
CASE NUMBER: 8:01-cr-268-T-17MAP

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: **SEVEN (7) MONTHS** with credit for time served to be calculated by the United States Bureau of Prisons.

__X__ The Court makes the following recommendations to the Bureau of Prisons:
(1)    Incarceration at Coleman, FL.

__X__ The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____ at _____ with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

Defendant: JEREMY WAYNE LEDFORD  Judgment - Page 3 of 6
Case No.: 8:01-cr-268-T-17MAP

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of <u>THIRTY (30) MONTHS</u>.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.
The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed 104 tests per year.

_ The mandatory drug testing provisions of the Violent Crime Control Act are waived. However, the court authorizes the Probation Office to conduct random drug testing not to exceed 104 tests per year.

x The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

_ The defendant shall cooperate in the collection of DNA as directed by the probation officer.

_ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works or is a student, as directed by the probation officer.

_ The defendant shall participate in an approved program for domestic violence.

If this judgment imposes a fine or a restitution it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Case 8:01-cr-00268-EAK Document 253 Filed 08/13/07 Page 4 of 6 PageID 532
AO 245D (Rev. 01/07) Judgment in a Criminal Case for Revocations
Sheet 3C — Supervised Release

Judgment—Page 4 of 6

DEFENDANT: JEREMY WAYNE LEDFORD
CASE NUMBER: 8:01-cr-268-T-17MAP

## SPECIAL CONDITIONS OF SUPERVISION

1. Upon release from imprisonment, the defendant shall immediately reside at the Comprehensive Sanctions Center (CSC) for **SIX (6) MONTHS**. The defendant shall participate in the life skills program. The defendant shall also participate in the Substance Abuse Education/Treatment Program, if determined necessary by the Center Program Review Team. While at the center, the defendant shall contribute towards the cost of his room and board, as directed by the center staff. Cost of transportation to and from the CSC shall be the responsibility of the offender.

2. The defendant shall participate, as directed by the Probation Officer, in a program (outpatient and/or inpatient) for treatment of narcotic addiction or drug or alcohol dependency. This program may include testing for the detection of substance use or abuse. Further, the defendant shall be required to contribute to the costs of services for such treatment not to exceed an amount determined reasonable by the Probation Office's Sliding Scale for Substance Abuse Treatment Services.

3. The defendant shall participate as directed in a program of mental health treatment approved by the United States Probation Officer. Further, the defendant shall be required to contribute to the costs of services for such treatment not to exceed an amount determined reasonable by the Probation Officer based on ability to pay or availability of third party payment and in conformance with the Probation Office's Sliding Scale for Mental Health Treatment Services.

4. The defendant shall provide the United States Probation Office with full disclosure of his financial records to include yearly tax returns upon the request of the Probation Officer. He shall cooperate with the Probation Office in the investigation of his financial dealings and shall provide truthful monthly statements of his income.

5. The defendant shall pay $24,815.70 restitution - see page(s) 5 and 6 for details.

AO 245D   (Rev. 01/07) Judgment in a Criminal Case for Revocation
    Sheet 5 - Criminal Monetary Penalties

Judgment - Page __5__ of __6__

DEFENDANT: JEREMY WAYNE LEDFORD
CASE NUMBER: 8:01-cr-268-T-17MAP

## CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments set forth on sheet 6.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| TOTALS: | $ | $ | $24,815.70 Joint and Several |

____ The determination of restitution is deferred until _____. An Amended Judgment in a Criminal Case (AO 245C) will be entered after such determination.

____ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. §3664(i), all non-federal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|

**SEE ORIGINAL JUDGMENT FOR PAYEES**

| TOTALS: | $ | $ | |
|---|---|---|---|

____ Restitution amount ordered pursuant to plea agreement $_____

____ The defendant must pay interest on restitution or a fine more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. §3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. §3612(g).

____ The Court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ____ the interest requirement is waived for the ____ fine ____ restitution.

    ____ the interest requirement for the ____ fine ____ restitution is modified as follows:

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245D (Rev 01/07) Judgment in a Criminal Case for Revocation
Sheet 6 - Schedule of Payments

Defendant:   JEREMY WAYNE LEDFORD                         Judgment - Page  6  of  6
Case No.:    8:01-cr-268-T-17MAP

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A. __ Lump sum payment of $ _ due immediately, balance due

   __ not later than _____, or

   __ in accordance __ C, __ D, __ E or __ F below; or

B. __ Payment to begin immediately (may be combined with __ C, __ D, or __ F below); or

C. __ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ days (e.g., 30 or 60 days) after the date of this judgment; or

D. __ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____, (e.g., months or years) to commence _____ (e.g. 30 or 60 days) after release from imprisonment to a term of supervision; or

E. __ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time, or

F. _X_ Special instructions regarding the payment of criminal monetary penalties:

Defendant shall make payments of $25.00 per month toward the restitution. This payment plan shall continue until such time as the Court is notified by the defendant, the victim or the government that there has been a material change in the defendant's ability to pay.

Unless the court has expressly ordered otherwise, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

_x_   Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate:

   8:01-cr-268-T-17MAP  $24,815.70 Joint and Several with the following co-defendants:
   Sean Baggett, Martha Smith, Leland Fortney, Rodney Lewis, Victoria Harden, Ann Marie Champagne-Canfield

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest (7) penalties, and (8) costs, including cost of prosecution and court costs.